UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,　　　　　　　　　　　　　　Criminal No. 10-31 PJS/AJB

　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

(1)　　Arturo Barrilla Garcia,
(2)　　Edvin Emanuel Gomez Maldonado,

　　　　　　　　　　Defendants.


　　　　　Thomas Hollenhorst, Esq., Assistant United States Attorney, for the plaintiff,
　　　　　　　United States of America;
　　　　　John L. Fossum, Esq., for defendant Arturo Barrilla Garcia; and
　　　　　Stephen W. Walburg, Esq., for defendant Edvin Emanuel Gomez Maldonado.


This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on March 10, 2010, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN 55101. Testimony was presented at the hearing with regard to suppression of evidence and dismissal of the indictment.

Based upon the file and documents contained therein, along with testimony presented at hearing, the magistrate judge makes the following:

**Findings**

**Vehicle Stop and Arrest.** On December 10, 2009, St. Paul Police Officer Ken Sass participated in an investigation in which a controlled drug transaction was arranged to take place between a confidential source (CS) and an individual identified as Manuel Mata Rodriguez. The CS telephoned Rodriguez and made arrangements to purchase three ounces of crystal methamphetamine from Rodriguez. The transaction was to take place in the parking lot

at a Taco Bell restaurant in West St. Paul.[1]  Prior to the controlled buy, the CS was pat-searched by agents to ensure that he was not carrying any drugs on his person at the time of the exchange. Officer Sass then followed the CS to the Taco Bell and conducted surveillance of the transaction.

In the course of surveillance, Officer Sass saw a Dodge Dakota pickup truck with two occupants approach the scene.  Officer Sass observed the truck through binoculars from an adjacent business parking lot.  Although Officer Sass could not identify each of the vehicle occupants from that location, he recognized the defendants as the persons who were in the truck and was subsequently able to distinguish between them based upon their clothing—defendant Garcia was wearing a black jacket with gold piping and defendant Maldonado wore a distinctive sweatshirt.  At the time of the transaction at the Taco Bell, Garcia was driving the pickup and Maldonado was sitting in the front passenger seat.  After purchasing the methamphetamine, the CS left the premises and Officer Sass observed Rodriguez walk to the passenger side of the Dodge Dakota and extend his hands through the truck's open window and into the cab.  The officer was not able to see an actual transfer of money or drugs.  When agents later rendezvoused with the CS, they took possession of the methamphetamine and once again searched the CS.  The seized contraband field-tested positive for methamphetamine.

Thereafter, the CS and Rodriguez made arrangements for second controlled methamphetamine transaction to take place the same day at a West St. Paul K-Mart store parking lot.[2]  Once again, Officer Sass and other agents conducted surveillance of the controlled drug buy and again they observed a Dodge Dakota truck approach the site with two occupants.

---

[1] Prelim. Hrg. Tr. 15 [Docket No. 49].

[2] Id.

Because of their distinctive clothing, Officer Sass believed the occupants to be the same persons who had been involved in the prior transaction. Rodriguez arrived in a separate vehicle at the same time as the defendants. He went to the driver's side of the defendants' pickup and something was handed to him by defendant Garcia.[3] Rodriguez then went to the CS's vehicle and delivered one ounce of methamphetamine to the CS. Upon exiting the CS's vehicle, Rodriguez returned to the Dodge Dakota where he interacted with the defendants while standing at the driver's side of the pickup.

After the second controlled buy, agents on the scene followed Rodriguez and also called Minneapolis police officers to assist in following the Dodge Dakota. Surveillance of the pickup truck was somewhat intermittent, such that at times officers momentarily lost sight of the vehicle. Furthermore, at one point during the traveling surveillance the truck stopped and the occupants went into a business establishment. A vehicle stop was subsequently conducted by Minneapolis officers in a marked squad car. The stop was not based upon police observing a traffic violation, but was the result of instructions from lead investigating agents who determined that a vehicle stop would be properly conducted on the basis of officer's observations relating to the methamphetamine transactions. At that time officers discovered that, in addition to the two defendants in this action, there was another person in the vehicle who had not previously been observed. Officers obtained oral identifications from each of the defendants and further identified the third vehicle occupant as Juan Carlos Ortiz Sandoval. No contraband was discovered in searches of the Dodge Dakota and the individual occupants, and no arrests were

---

[3] Prelim. Hrg. Tr. 8-9.

made at that time.[4]

Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Severance.** Severance of defendants is not required in this matter. Defendants Arturo Barrilla Garcia and Emanuel Gomez Maldonado have both moved for severance for separate trials in this matter. Fed. R. Crim. P. 8(a) permits joinder of offenses in the same indictment if the offenses are of the same or similar character or are based on the same act or transaction or are based on acts connected together or constituting parts of a common scheme or plan. The propriety of joinder under Rule 8(a) is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Fed. R. Crim. P. 14. United States v. Rodgers, 732 F.2d 625, 628-29 (8th Cir. 1984). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. Id. at 629. With respect to joinder of defendants in this instance, it has not been shown that severance of co-defendants is necessary to avoid risk of compromising any specific trial right to which each of them is entitled or is necessary to prevent the jury from making an unreliable judgment as to the guilt or innocence of each of them.

The individual co-defendants in this matter have been indicted for conspiring with one another to distribute methamphetamine. Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States,

---

[4] Prelim. Hrg. Tr. 17.

506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993). Typically, persons charged with conspiracy should be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991). Nonetheless, the court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539, 113 S.Ct. at 938.

Both of the defendants generally assert prejudice resulting from the introduction of evidence against one of them that would be inadmissible against the other in a separate trial. Each defendant also asserts improper joinder and difficulty for the jury in distinguishing between the alleged acts of the defendants. Neither defendant describes grounds for severance with any factual particularity.

The counts and defendants in this case were properly joined under Rule 8 and there is no requirement for severance based upon misjoinder. Rule 14 severance is a remedy for prejudice that may develop during trial, and the decision on a Rule 14 motion for severance lies within the sound discretion of the trial court. United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). The record, including testimony produced at hearing, offers no compelling indication as to how either defendant is prejudiced by joinder with other the defendant in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases. Specifically, it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to the other defendant, and there has not been persuasive showing that a joined trial will prevent introduction

5

of exculpatory evidence or will allow introduction of otherwise inadmissible evidence with respect to either defendant. Joinder of defendants in this case was not improper and severance is not required in light of the current record. See United States v. Wadena, 152 F.3d 831, 847-50 (8th Cir. 1998). Severance is a remedy that can be provided at the time of trial if appropriate under the circumstances. At present, there has been no showing to support a recommendation for severance of defendants.

**Dismissal of Indictment.** Dismissal of the action on grounds that there was insufficient evidence to support the indictment is not required. Defendant Arturo Barrilla Garcia asserts without factual particularly that no competent evidence was presented to the Grand Jury to support a claim that he was a part of the alleged conspiracy. Defendant has presented no grounds for dismissal of the indictment under Fed. R. Crim. P. 6(b)(2), and the court does not presume to know the substance of all evidence submitted to the grand jury in light of the general rule of secrecy that applies to grand jury proceedings under Rule 6(e)(2). "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing Costello v. United States, 350 U.S. 359, 363–64, 76 S. Ct. 406 (1956); United States v. Cady, 567 F.2d 771, 776 (8th Cir. 1977)). Consequently, the court has no basis on which to overrule a probable cause determination made by the grand jury. In any event, the testimony presented at the criminal motions hearing, as well as evidence presented at the preliminary hearing, is sufficient to establish probable cause for the indictment conspiracy charges in this case. Defendant Garcia's motion to dismiss the indictment should be denied.

**Vehicle Stop.** The stop of the vehicle in which defendants Arturo Barrilla Garcia and Emanuel Gomez Maldonado were occupants on December 10, 2009, was not unlawfully

conducted in violation the defendants' constitution rights, and there was no arrest or unlawful seizure of the defendants' persons. The Fourth Amendment allows law enforcement officers to conduct an investigative stop of a vehicle upon "reasonable suspicion that the vehicle or its occupants are involved in criminal activity." United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007). The officers' reasonable suspicion must have "a particularized and objective basis" in light of the totality of the circumstances. Id. (citing United States v. Jacobsen, 391 F.3d 904, 906 (8th Cir. 2004)). This standard is less demanding than probable cause. Id. During the stop, an officer may engage in investigative methods that are tailored to the underlying justification for the stop and capable of either verifying or dispelling the officer's suspicion. See id. (citing Florida v. Royer, 460 U.S. 491, 500, 103 S.Ct. 1319 (1983)). Furthermore, if an investigating agent possesses requisite reasonable suspicion to justify an investigative stop, another officer acting upon direction from the agent does not violate the Fourth Amendment in carrying out the stop. See Jacobsen, 391 F.3d at 906. With respect to the present case, the investigative stop was supported by reasonable suspicion under circumstances whereby a patrol officer conducts a vehicle stop, obtains identifications from the vehicle occupants, and conducts pat-searches, based upon instructions from another officer who, from a distance, observed behavior he believed to be consistent with a drug transaction, then requested that the suspects' vehicle be stopped. United States v. Williams, 139 F.3d 628, 630 (8th Cir. 1998), see also United States v. Brown, 913 F.2d 570, 572 (8th Cir. 1990)(search of vehicle passenger compartment properly based on reasonable belief that occupants were involved in drug dealing). Suppression of the defendants' identification, or any other physical evidence or statements that may have been obtained subsequent to the vehicle stop, is not required on the ground that the stop was unlawful.

      Based upon the foregoing Findings and Conclusions, the magistrate judge makes

the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Arturo Barrilla Garcia's Motion to Dismiss Indictment on Grounds of Insufficient Allegations and Insufficient Evidence be **denied** [Docket No. 39];

2. Defendant Arturo Barrilla Garcia's Motion for Severance of Defendants be **denied** [Docket No. 41];

3. Defendant Arturo Barrilla Garcia's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 42];

4. Defendant Edvin Emanuel Gomez Maldonado's Motion to Suppress Evidence as a Result of Search and Seizure and Unlawful Arrest be **denied** [Docket No. 20]; and

5. Defendant Edvin Emanuel Gomez Maldonado's Motion for Severance of Defendants be **denied** [Docket No. 28].

Dated: _____March 22, 2010_____

    s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 5, 2010.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.