UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 10-CR-0031(2) (PJS/AJB) |
| | Case No. 12-CV-1319 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| EDVIN EMANUEL GOMEZ MALDONADO, | |
| Defendant. | |

Edvin Emanuel Gomez Maldonado, defendant pro se.

Defendant Edvin Maldonado was convicted by a jury of one count of conspiring to distribute methamphetamine and two counts of distributing methamphetamine. The Court sentenced Maldonado to 80 months in prison and 5 years of supervised release. Maldonado's conviction and sentence were affirmed on direct appeal. *See United States v. Garcia*, 646 F.3d 1061 (8th Cir. 2011).

This matter is before the Court on Maldonado's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons stated below, the motion is denied. Because the record conclusively demonstrates that Maldonado is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Maldonado seeks relief on two grounds: First, he claims that his trial counsel, Stephen Walburg, was ineffective because Walburg failed to inform him of the benefits and consequences of going to trial rather than pleading guilty. Second, he claims that Walburg was ineffective because Walburg failed to argue at sentencing that Maldonado is eligible for a role reduction under U.S.S.G. § 3B1.2.

With respect to the second ground:  Maldonado's allegation is contradicted by the record, which establishes that Walburg did, in fact, seek a role reduction under § 3B1.2.  *See* ECF No. 170 at 5; *see also* Addendum to Revised Presentence Report (on file with the Court). Maldonado is therefore not entitled to relief on this ground.

With respect to the first ground:  Maldonado does not allege that the government offered him a plea agreement or that, had Walburg properly advised him, he would have accepted the government's offer and pleaded guilty.  Setting that aside, the Court sentenced Maldonado to 80 months, which represents a downward variance from the applicable range of 97-121 months, and which is within the range that would have applied if Maldonado had pleaded guilty and received credit for acceptance of responsibility.

Because Maldonado has not alleged that he would have pleaded guilty and cannot show that he would have received a shorter sentence if he had pleaded guilty, Maldonado cannot establish prejudice.  *Cf. Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (where a petitioner alleges that his counsel's ineffective assistance caused him to go to trial rather than plead guilty, the petitioner must establish, among other things, that he would have pleaded guilty and that the conviction, sentence, or both would have been less severe than what was in fact imposed). Maldonado's § 2255 motion is therefore without merit and is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 186] is DENIED.

2.      No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June  5 , 2012                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge